RECEIVED
MAR 18 2011
Arkansas
Secretary of State

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
6TH DIVISION ___ DIVISION

COREY McMILLAN, *individually and o/b/o*     PLAINTIFF
*a Class of similarly situated persons*

V.     CASE NO. CIV 60CV 2011-1221

LIVE NATION ENTERTAINMENT, INC.
and TICKETMASTER, L.L.C.,
d/b/a TICKETMASTER     DEFENDANTS

---

## COMPLAINT
## CLASS ACTION

---

**COMES NOW** the Plaintiff, by and through Counsel, and states as follows:

PARTIES AND JURISDICTION

1. Plaintiff, Corey McMillan, is an adult resident of Arkansas. Plaintiff brings this action to seek individual relief and on behalf of a class of Arkansas consumers who are similarly situated.

2. Ticketmaster, L.L.C. is a Deleware limited liability company. Its registration to do business in Arkansas has been revoked. It maintains an office at 3701 Wilshire Blvd., 7th Floor, Los Angeles, California, 90010. According to contracts it has entered into in Arkansas, it can also be contacted at 8800 Sunset Blvd., West Hollywood, California, 90069. In 2009, Ticketmaster, one of the largest sellers and marketers of tickets for entertainment events in the country, merged with Live Nation, the world's largest concert promoter, and became Live Nation Entertainment, Inc. Live Nation claims, among other things, to be the largest live entertainment company in the world and the world's leading live entertainment ticketing sales and marketing

1

company. Live Nation's principle corporate address is 9348 Civic Center Drive, Beverly Hills, California 90210. Based on good faith knowledge and belief, neither Ticketmaster, L.L.C. nor Live Nation Entertainment, Inc. is currently licensed to do business in Arkansas. Therefore, the Arkansas Secretary of State is authorized to accept service for these Defendants pursuant to Arkansas Code Annotated § 16-58-120. For purposes of this Complaint, "Ticketmaster" shall mean both Defendants.

3. The acts and omission described in the Complaint occurred in Arkansas and this Court has jurisdiction over the parties and subject matter of this dispute. The Defendants do business throughout the state of Arkansas and specifically provide marketing and sales for events held at Verizon Arena in Pulaski County, Arkansas. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

4. Verizon Arena ("Verizon"), formerly known as Alltel Arena, is a public facility.

5. Ticketmaster, among other things, has the exclusive right to sell all tickets for any Verizon attraction which is made available to the public.

6. Ticketmaster also markets and sells tickets for events which are open to the public at other locations in Arkansas.

7. Persons who are interested in purchasing tickets for an event at Verizon must typically contact Ticketmaster by phone or through the internet to secure tickets.

8. Ticketmaster uniformly and systematically adds additional fees to the face value of tickets for events hosted at Verizon and other venues for which it markets tickets.

9. These additional charges include, but are not limited to, "facility charges," "convenience charges," and "order processing fees."

10. The additional charges added by Ticketmaster are not only in excess of the face amount of the ticket price, they are in excess of the advertised ticket price.

11. On or around January 21, 2011, Plaintiff purchased four tickets for a concert which was held at Verizon.

12. The face amount of each ticket ordered by the Plaintiff was $42.75.

13. Ticketmaster ultimately charged the Plaintiff $220.60 for his four tickets.

14. The Plaintiff was required to purchase his tickets through Ticketmaster.

15. Ticketmaster's charges for these tickets included not only the face value of the tickets but also a $2.00 "facility charge" for each ticket, a $9.40 "convenience charge" for each ticket and $4.00 for an "order processing fee."

16. The Plaintiff paid Ticketmaster's fees. This resulted in Plaintiff buying four tickets with a face value of $42.75 for $55.15 each.

17. The Plaintiff had to pay Ticketmaster over $12.00 extra for each ticket in order to attend this concert at a public arena.

## CAUSES OF ACTION:
### COUNT I – DTPA

18. The parties are persons subject to the provisions of the Arkansas Deceptive Trade Practices Act, Arkansas Code Annotated, § 4-88-101, *et. seq.* ("DTPA"). The DTPA is designed to protect consumers from deceptive, unfair and unconscionable trade practices. The DTPA is a remedial statute which is to be liberally construed in favor of consumers.

19. Live Nation Entertainment, Inc. is an alter ego of, and/or is a controlling person over Ticketmaster and derives a profit from Ticketmaster's activities. Under the DTPA, the Defendants are jointly and severally liable for DTPA violations.

20. At all times relevant hereto, a statute existed in Arkansas which prohibits ticket sales in excess of their face value.

21. Pursuant to Arkansas Code Annotated § 5-63-210, it is unlawful for any person, corporation, firm or partnership to sell or offer for sale any ticket at a price greater than that printed on the ticket.

22. Violation of Arkansas Code Annotated § 5-63-210 is a misdemeanor and each sale is a separate offense.

23. Ticketmaster's conduct of selling tickets at prices greater than the face value of the ticket violates Arkansas Code Annotated § 5-63-210.

24. Ticketmaster's conduct is deceptive, unfair and unconscionable and violates one or more provisions of the DTPA.

25. The Plaintiff, and all others similarly situated, have been damaged by Ticketmaster's violations of Arkansas Code Annotated § 5-63-210 and violations of the DTPA.

26. The Plaintiff and the putative class are entitled to judgment for their damages, plus judgment for attorneys' fees and costs.

## COUNT II—UNJUST ENRICHMENT

27. Ticketmaster has no legal basis to charge the prices greater than the actual price for tickets requested by members of the public for events at a public arena.

28. Ticketmaster, as the exclusive vendor of tickets for events at Verizon, or any other venues in Arkansas or otherwise, has derived profit from these unlawful fees.

29. Ticketmaster has been unjustly enriched by the excess charges it has imposed on the Plaintiff and the members of the putative class.

30. Ticketmaster's practice of adding fees to the actual price of a ticket is merely a device which allows it to exact additional revenue from customers. This practice results in an unjustified profit for Ticketmaster.

31. The Plaintiff and all other persons similarly situated are entitled to judgment against Ticketmaster in an amount equal to Ticketmaster's ill-gotten gain, plus judgment for their attorneys' fees and costs.

## CLASS ACTION ALLEGATIONS

32. The Plaintiff hereby re-alleges and incorporates the foregoing Paragraphs, as if set forth herein, word for word.

### A. TYPICALITY

33. The Plaintiff's claims are typical of the transactions between Ticketmaster and all other customers who have purchased tickets for events at Verizon as well as other venues.

34. Ticketmaster's practices of imposing additional charges over and above the actual prices of tickets are uniform and consistent.

### B. COMMONALITY

35. The Plaintiff's claims raise issues of fact or law which are common to the members of the putative class. These common questions include, but are not limited to the following:

    (a)    whether Ticketmaster's conduct violates Arkansas Code Annotated § 5-63-210;

    (b)    whether Ticketmaster's practices constitute violations of the DTPA or otherwise violate Arkansas law;

    (c)    whether Ticketmaster's excessive charges are void; and

    (d)    whether Ticketmaster has been unjustly enriched by the imposition of unlawful charges.

36. These issues are common among all putative class members and predominate over any issues affecting individual members of the putative class.

## C. NUMEROSITY

37. Ticketmaster claims to be the world's leading ticket seller and exclusively sells tickets for events at Verizon.

38. Verizon is a facility which can hold over 15,000 persons for ticketed events. During the relevant time period, there have been hundreds of events at Verizon.

39. Thousands of Arkansas residents have paid Ticketmaster's fees.

40. The members of the class are so numerous that joinder of all members is impracticable.

## D. SUPERIORITY

41. The individual claims of putative class members are relatively small. Each class member's individual claim for relief is considerably less than that required for federal diversity of citizenship jurisdiction.

42. A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised herein.

43. In the absence of class-action relief, the putative class members would be forced to prosecute hundreds or thousands of similar claims in different jurisdictions and venues in Arkansas. The prosecution of these claims as a class action will promote judicial economy. The claims raised herein are well-suited for class-action relief.

44. If Ticketmaster's charges were unlawfully charged to the Plaintiff, then they were unlawfully charged to all the members of the putative class.

45.     Resolving the legal claims raised by Ticketmaster's uniform and consistent exaction of unlawful fees from Verizon ticketholders is appropriate under Rule 23. A class action would benefit both the putative class and the Defendants through a single resolution of similar or identical questions of law or fact.

### E. ADEQUACY

46.     The Plaintiff is interested in the outcome of this litigation and understands the importance of adequately representing the class.

47.     The Plaintiff will fairly and adequately protect the interests of the class and sub-classes sought to be certified in this case.

48.     Class counsel are experienced in class-action and complex consumer litigation and are qualified to adequately represent the class.

49.     This case satisfies the requirements of Rule 23 of the Arkansas Rules of Civil Procedure and should be certified as a class action.

### F. CLASS DEFINITION

50.     The proposed class is defined as follows:

All Arkansas residents, excluding Defendants' employees or employees of the Court presiding over this cause, who have paid the Defendants' charges which were in excess of the face value of tickets for ticketed events within the last five years immediately preceding the date of the filing of the Complaint up through and including the date of the judgment in this case.

### JURY DEMAND

51.     The Plaintiff reserves the right to amend this pleading as allowed by the Arkansas Rules of Civil Procedure and hereby demands a trial by jury.

WHEREFORE, the Plaintiff prays that he be granted the individual relief requested herein, that the Court enter an order finding that the Defendants' excessive fees are void and unlawful; that this case be certified as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure; that he be granted judgment, individually, and that the putative class be awarded judgment; that the Court declare the Defendants' excess fees to be void; that the Defendants be ordered to refund to the class an amount equal to any unlawful fees, plus pre-judgment interest; that he and his class be awarded judgment for reasonable attorneys' fees and costs of litigation; that they be afforded a trial by jury, and for any and all other just and proper relief to which they may otherwise be entitled.

RESPECTFULLY SUBMITTED,

By: _____
TODD TURNER (#92266)
DAN TURNER (#97179)
**ARNOLD, BATSON, TURNER & TURNER, P.A.**
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923
Ph #  (870) 246-9844
Fax #  (888) 866-9897

and

Rodney Moore (#96134)
**Wright, Berry, Moore & White, P.A.**
303 Professional Park Drive
P.O. Box 947
Arkadelphia, AR 71923
Ph #  (870) 246-6796
Fax #  (870) 246-2178

ATTORNEYS FOR PLAINTIFFS