IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

COREY MCMILLAN, Individually and on
Behalf of a Class of Similarly Situated Persons                     PLAINTIFF

v.                                    Case No. 4:11-cv-00332-JMM

LIVE NATION ENTERTAINMENT, INC. and
TICKETMASTER, L.L.C., d/b/a TICKETMASTER                     DEFENDANTS

## AGREED PROTECTIVE ORDER

It is hereby ORDERED as follows:

**1.**          1.      For purposes of this Protective Order, "Confidential Information" shall include any documents, discovery responses, or deposition responses that a Party or its counsel designate as confidential based upon a good faith belief that the designation is appropriate because the documents contain proprietary or confidential business or financial information or trade secrets.  Confidential Information shall not include documents disseminated by either party on the internet or which are available from third parties or public sources, except as otherwise provided by order of this Court.

**2.**          2.      At the time a Party produces documents or responds to a written discovery request, the producing Party may designate such information as Confidential by stamping the word "Confidential" on any documents or stating in response to a discovery request that the information is deemed Confidential Information.

**3.**          3.      During any deposition, the deponent or counsel for a deponent or a Party or counsel for a Party may designate that the testimony, or portions thereof, be subject to the protections set forth in this Protective Order.

**4.**                     4.      If any Party receiving Confidential Information believes that such documents or information are not entitled to the protections set forth in this Protective Order, the receiving Party shall indicate to the producing Party, in writing, the specific documents or information that the receiving Party believes falls outside of the protections set forth in this Protective Order.

**5.**                     5.      If the producing Party objects, in writing, to the receiving Party's notice that the documents or information fall outside of the protections set forth in this Protective Order, such objection shall be made within ten (10) days of receiving such written notice, or the claim of confidentiality shall be waived.  If the producing Party desires the documents or information to remain confidential, the producing Party shall move the Court for an order on the issue within two (2) weeks of sending its objection to the receiving Party, or the producing Party's objection shall be waived.  The parties agree that the time limitations within this paragraph may be modified by agreement or by the Court.

**6.**                     6.      Until any dispute regarding the confidentiality of a document or other information is resolved, the documents or information at issue shall retain the protections set forth in this Protective Order.

**7.**                     7.      Confidential Information shall not be disclosed to anyone other than the Parties, attorneys for the Parties, secretaries, paraprofessional assistants, other employees of the attorneys who are actively engaged in assisting counsel in connection with this action, witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the Action.  For purposes of this Protective Order, "Parties" shall be defined as Defendants and Corey McMillan, but shall not be defined to include other members

2

of the putative class unless allowed by order of this Court.  To the extent any Confidential Information is provided to any Party's witnesses or expert witnesses, each witness or expert witness shall: (a) agree in writing, in the form attached to this Protective Order as Exhibit A, prior to receiving any Confidential Information, that he shall be bound by the terms of this Protective Order and (b) agree to return all Confidential Information to the producing Party upon conclusion of the Action.

**8.**          8.    The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

**9.**          9.    The Parties and all persons subject to the provisions of this Protective Order agree to use Confidential Information solely and exclusively for purposes of preparing for, conducting, and participating in this litigation and for no other purpose whatsoever.

**10.**          10.    Each Party reserves the right to object to or to seek an appropriate order limiting any use which any other Party may seek to make of such Confidential Information either in discovery or at the trial of the Action.

**11.**          11.    This Protective Order, in so far as it restricts communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation.  Following the conclusion of this action, including all appeals, counsel who receive Confidential Information through discovery shall destroy all Confidential Information within two weeks following the close of all litigation in this matter, provided, however, that counsel for plaintiff may retain one copy of the Confidential

Information until after the limitations period has expired for any claims, including professional liability claims, that may result from the resolution of this matter, at which time such Confidential Information shall be destroyed.

**12.** 12. Any time limit contemplated by this Protective Order may be extended by an agreement in writing, signed by counsel of record for each Party.

**13.** 13. This Protective Order is applicable to the Parties for the sole purpose of facilitating discovery in the Action.  This Order and the confidentiality designations made pursuant to this Order may not be used in any manner, directly or indirectly, as evidence at trial or any hearing or referred to at trial or any hearing in this Action, save and except for a hearing which involves issues related to the enforcement of any provision of this Order.

**14.** 14. All papers, documents, and transcripts containing or revealing the substance of Confidential Information filed with the Court shall be filed in sealed envelopes marked "Confidential Under Protective Order."  The Clerk of the Court shall not permit access to the contents of the envelope to anyone other than counsel for the parties, the Magistrate Judge, the District Judge, and either Judge's immediate staff, without prior written order of this Court.  By means of this Protective Order, all documents previously filed by the parties under seal shall remain under seal and subject to the terms of this Protective Order.

**15.** 15. If a non-party demands, by subpoena or other legal process, that any party who has received Confidential Material produce such information, counsel for such party shall (a) notify counsel for the producing party in writing at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the return date of the

subpoena or other compulsory process is less than 14 days, notice shall be given to the producing party in writing or by telephone as soon as practicable following receipt, and (b) assert this Protective Order as a defense to such demand.

**16.** _____

IT IS SO ORDERED this  7  day of  June , 2011.

_____
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

COREY MCMILLAN, Individually and on
Behalf of a Class of Similarly Situated Persons                                    PLAINTIFF

v.                                        Case No. 4:11-cv-00332-JMM

LIVE NATION ENTERTAINMENT, INC. and
TICKETMASTER, L.L.C., d/b/a TICKETMASTER                          DEFENDANTS

<u>**AGREEMENT**</u>

I have been asked to serve as a _____ in this Action on behalf of _____, one of the parties in the above Action.  I acknowledge that I have received and read the Protective Order entered in this Action.  I agree to be bound by the terms of the Protective Order.

I hereby submit to the jurisdiction of this Court solely for the purpose of enforcement of the Protective Order in this Action.

[NAME]

Dated this _____ day of _____, 2011.

By:_____

7